CUFFE v GENERAL MOTORS CORPORATION

Docket No. 95825. Submitted December 9, 1987, at Detroit. Decided March 7, 1988. Leave to appeal applied for.

James W. Cuffe brought an action in Wayne Circuit Court against General Motors Corporation, his employer, alleging discrimination in violation of the Michigan Handicappers' Civil Rights Act. Prior to this action, plaintiff had filed a grievance pursuant to the terms of the national collective bargaining agreement between General Motors and his labor union, the United Auto Workers. Both the grievance and the circuit court action involved General Motors' refusal to grant plaintiff's request for a job transfer following an injury to his back. Plaintiff contended that others with accrued seniority less than his were, in violation of the collective bargaining agreement, transferred to the position he sought. The trial court, Thomas J. Foley, J., granted summary disposition in favor of General Motors, ruling that the court lacked subject-matter jurisdiction. Plaintiff appealed.

The Court of Appeals *held:*

Plaintiff's circuit court claim is inextricably intertwined with the provisions of the collective bargaining agreement and substantially dependent upon analysis of the terms of that agreement. Therefore, the grievance procedure provided by the collective bargaining agreement affords plaintiff his exclusive remedy for disputes arising out of that agreement and he must accept the final outcome of the grievance procedure absent proof that his union breached its duty of fair representation. The trial court did not err in ruling that it lacked subject-matter jurisdiction since plaintiff had yet to exhaust his reme-

REFERENCES

Am Jur 2d, Labor and Labor Relations §§ 620 *et seq.*

What circumstances justify employee's failure to exhaust remedies provided in collective bargaining agreement before bringing grievance suit against employer in federal court, under sec. 301 of the Labor Management Relations Act of 1947 (29 USCS sec. 185). 52 ALR Fed 591.

Failure to pursue or exhaust remedies under union contract as affecting employee's right of state civil action for retaliatory discharge. 32 ALR4th 350.

dies through grievance procedures and since the claim was preempted by a federal statute, § 301 of the Labor Management Relations Act.

Affirmed.

CIVIL RIGHTS — HANDICAPPERS' CIVIL RIGHTS ACT — LABOR RELATIONS.

A claim of discrimination under the Michigan Handicappers' Civil Rights Act brought by an employee against his employer, which claim is substantially dependent upon an analysis of the terms of a national collective bargaining agreement between the employer and the employee's labor union, is preempted by the Labor Management Relations Act; where the collective bargaining agreement provides for a grievance procedure as the method for resolving disputes arising under the agreement, the grievance procedure affords the employee his exclusive remedy absent proof that his union breached its duty of fair representation (29 USC 185, MCL 37.1101 *et seq.*; MSA 3.550[101] *et seq.*).

*Barry D. Adler,* for plaintiff.

*Maurice G. Jenkins,* for defendant.

Before: M. J. KELLY, P.J., and MACKENZIE and P. D. SCHAEFER,* JJ.

M. J. KELLY, P.J. On June 20, 1984, plaintiff filed this action against defendant, alleging discrimination under the Michigan Handicappers' Civil Rights Act (MHCRA), MCL 37.1101 *et seq.*; MSA 3.550(101) *et seq.* Defendant's motion for summary disposition pursuant to MCR 2.116(C)(4), lack of subject-matter jurisdiction, was granted on September 12, 1986. We affirm.

Plaintiff has been an hourly employee of defendant, subject to a collective bargaining agreement, since 1969. In 1976 plaintiff injured his back while working on defendant's assembly line. After outpatient orthopedic care was attempted, it was necessary that plaintiff undergo a myelogram and

---

* Circuit judge, sitting on the Court of Appeals by assignment.

he was placed on sick leave for a period of six weeks. When he returned to work plaintiff was placed on physical restrictions and given the job of welding-machine operator, which he performed until April, 1978, when he was hospitalized for a second myelogram, lumbar disc surgery and a spinal fusion.

When plaintiff subsequently returned to work in 1979, with medical and job-related work restrictions, he was given the job of parts inspector. He remained in that position until February, 1982, when he was informed that work complying with his physical restrictions was unavailable and he was laid off.

Plaintiff returned to work in May, 1982, and he was assigned to several different positions which proved unsatisfactory either because the positions were outside of the physical restrictions placed on plaintiff or because plaintiff, in opposition to defendant's medical examiner, insisted the positions were outside of his physical restrictions. In August, 1982, plaintiff was again laid off. In October, 1983, plaintiff was recalled, but only worked one day, claiming his assigned job was outside of his physical restrictions.

On February 21, 1984, while on medical leave, plaintiff filed a grievance after learning that other employees, with less seniority than plaintiff, were working as parts inspectors. While this grievance was being processed plaintiff filed the instant action, alleging discrimination under the MHCRA.

On appeal plaintiff claims the trial court's decision that his claim under the MHCRA was preempted by § 301 of the Labor Management Relations Act, 29 USC 185, was erroneous. Plaintiff claims a right to the position of parts inspector and contends he was discriminated against when

other workers with less seniority were assigned to that job.

Congress' power to preempt state law is derived from the Supremacy Clause of US Const, Art VI. Although Congress has never exercised its authority to occupy the entire field of labor relations, its power to legislate in that area is long established. *Allis-Chalmers Corp v Lueck,* 471 US 202, 208; 105 S Ct 1904; 85 L Ed 2d 206 (1985). Normally, a state or local regulation will be sustained unless it conflicts with federal law, would frustrate the federal scheme, or from the totality of the circumstances it can be determined that Congress sought to occupy the field to the exclusion of the states. *Allis-Chalmers, supra* at 209.

The question presented here is whether the MHCRA, if applied, would frustrate the federal labor contract scheme established in § 301 of the Labor Management Relations Act.

In *Allis-Chalmers,* the Supreme Court concluded:

> We do hold that when resolution of a state-law claim is substantially dependent upon analysis of the terms of an agreement made between the parties in a labor contract, that claim must either be treated as a § 301 claim, see *Avco Corp v Aero Lodge 735,* 390 US 557, 20 L Ed 2d 126, 88 S Ct 1235 (1968), or dismissed as pre-empted by federal labor-contract law. [*Allis-Chalmers, supra* at 220.]

Plaintiff makes the following assertions in his complaint:

> 17. That Plaintiff's former position of parts inspection complied with his job and medical restrictions to the extent that Plaintiff performed his job duties competently and satisfactory.
>
> 18. That the Collective Bargaining Agreement negotiated between the United Auto Workers La-

bor Union and Defendant utilizes a bonafied [sic] seniority system for purposes of interdepartmental transfer.

19. That said agreement grants departmental preference to individuals with more accrued seniority status.

20. That Plaintiff's former position of inspector is currently being filled by an individual, with less accrued seniority status than Plaintiff, and has been since some time in 1983.

21. That Plaintiff informed Defendant that he was physically able to return to his former position as a parts inspector at all relevant times herein.

22. That despite the aforesaid collective bargaining agreement, Defendant refused and continues to refuse to reinstate Plaintiff to his former position and continued and continues to employ an individual with less accrued seniority status than Plaintiff in Plaintiff's former position.

In setting out his claim of discrimination, plaintiff specifically incorporated by reference the six paragraphs of his complaint quoted above.

Essentially, plaintiff's demand is that he be given the parts-inspector position and that he was entitled to that position when he returned to work in 1982. He bases his entitlement to that position upon his seniority, which he claims is guaranteed by a provision of the labor management agreement between defendant and plaintiff's representative, the United Auto Workers.

As a general rule where a federal labor policy governs, an individual employee wishing to assert a contractual provision must attempt to use the contractual grievance procedure agreed upon by the employer and the union. *Republic Steel Corp v Maddox,* 379 US 650, 652; 85 S Ct 614; 13 L Ed 2d 580 (1965). Where the union has breached its duty

of fair representation to the employee, the employee may proceed against both the employer and the union for his damages. *Bowen v United States Postal Service,* 459 US 212, 223; 103 S Ct 588; 74 L Ed 2d 402 (1983).

Here, regardless of plaintiff's claim of discrimination under the MHCRA, since plaintiff's claim is grounded upon the provisions of the GM-UAW National Agreement, the trial court's determination that it lacked subject-matter jurisdiction due to plaintiff's failure to exhaust his remedies through the grievance procedure provided by the contract and because plaintiff's action was preempted by § 301 of the Labor Management Relations Act was not erroneous. Plaintiff's claim was inextricably intertwined with the provisions of the labor management agreement, and in fact his claim to the job he sought was based upon the guarantees of that contract. Plaintiff's state-law claim is substantially dependent upon analysis of the terms of the collective bargaining agreement. Therefore, the grievance procedure provided by the contract affords him his exclusive remedy for disputes arising under that contract and he must accept the final outcome of the grievance procedure absent proof of the union's breach of its duty of fair representation.

Affirmed.