### DᴇꜱJARDINS ᴠ THE BUDD COMPANY

Docket No. 98092. Submitted June 9, 1988, at Detroit. Decided October 25, 1988.

Plaintiff, David DesJardins, was laid off from employment with defendant, The Budd Company. Pursuant to the collective bargaining agreement between defendant and plaintiff's union, plaintiff was recalled to a position which he was unable to perform because of back difficulties later diagnosed as Scheuermann's disease. Plaintiff was put back into a placement pool but was never recalled to work. Apparently, management failed to agree to displace several junior employees and to replace them with plaintiff because they felt he did not have the necessary training to fill those positions. Plaintiff believed that defendant's failure to agree to his placement was based upon discriminatory motives because of his handicap and, therefore, brought an action in the Wayne Circuit Court. Defendant moved for summary disposition arguing that defendant had no independent duty to accommodate plaintiff under the Michigan Handicappers' Civil Rights Act by finding plaintiff a position in the company which he could perform and that federal law preempted the application of the Handicappers' Civil Rights Act too this suit. The trial court, Michael L. Stacey, J., agreed and granted defendant's motion. Plaintiff appealed.

The Court of Appeals *held:*

Plaintiff's state-law claim under the Handicapper's Civil Rights Act is preempted by federal law. Because plaintiff's claim is grounded upon the collective bargaining agreement, the claim was preempted by § 301(a) of the Labor Management Relations Act.

Affirmed.

Mɪᴄʜᴀᴇʟ J. Kᴇʟʟʏ, P.J., concurred because he believes that the interpretation of the collective bargaining agreement is inextricably intertwined with plaintiff's Handicappers' Civil

**Rᴇꜰᴇʀᴇɴᴄᴇꜱ**

Am Jur 2d, Labor and Labor Relations §§ 546 *et seq.,* 2073.

Supreme Court's views as to concurrent jurisdiction of state court over federal civil cause of action in absence of express congressional provision. 69 L Ed 2d 1136.

Rights Act claim and is, therefore, preempted by the Labor Management Relations Act.

1. Conflict of Laws — Labor Management Relations Act — Federal Preemption.

   The Labor Management Relations Act preempts the application of state law to claims arising under a labor agreement where the state law conflicts with federal law, would frustrate the federal scheme, or it is determined that Congress sought to occupy the field (29 USC 185[a]).

2. Conflict of Laws — Civil Rights — Handicappers' Civil Rights Act — Labor Relations.

   A claim of discrimination under the Michigan Handicappers' Civil Rights Act brought by an employee against his employer, which claim depends on an analysis of the terms of a collective bargaining agreement between the employer and the employee's labor union, is preempted by the Labor Management Relations Act (29 USC 185[a]; MCL 37.1101 *et seq.*; MSA 3.550[101] *et seq.*).

3. Conflict of Laws — Labor Relations — State-Law Claims — Labor Management Relations Act.

   When resolution of a state-law claim is substantially dependent upon analysis of the terms of an agreement made between the parties in a labor contract, that claim must either be treated as a claim under § 301 of the Labor Management Relations Act or dismissed as preempted by federal labor-contract law (29 USC 195).

*Kelman, Loria, Downing, Schneider & Simpson* (by *Michael L. Pitt*), for plaintiff.

*Clark, Hardy, Lewis, Pollard & Page, P.C.* (by *Neil H. Goodman*), for defendant.

Before: Michael J. Kelly, P.J., and Gribbs and C. W. Simon, Jr.,* JJ.

Per Curiam. Plaintiff appeals as of right the trial court's grant of defendant's motion for summary disposition. Defendant moved for summary disposition under MCR 2.116(C)(10), arguing that

---

* Circuit judge, sitting on the Court of Appeals by assignment.

defendant had no independent duty to accommo-
date plaintiff under the Michigan Handicappers'
Civil Rights Act, MCL 37.1101 *et seq.*; MSA
3.550(101) *et seq.*, by finding plaintiff a position in
the company which he could perform and that
federal law preempted the application of the HCRA
to this suit. We agree that plaintiff's state-law
claim is preempted by federal law and affirm.

Section 301(a) of the Labor Management Rela-
tions Act of 1947, 29 USC 185(a), has been inter-
preted to preempt the application of state law to
claims arising under a labor agreement where the
state law conflicts with federal law, would frus-
trate the federal scheme, or it is determined that
Congress sought to occupy the field. *Allis-Chalmers
Corp v Lueck,* 471 US 202; 105 S Ct 1904; 85 L Ed
2d 206 (1985). In *Lueck,* the Supreme Court ex-
tended the preemptive reach of § 301 from just
contract claims to include tort claims. There, the
Court stated:

> We do hold that when resolution of a state-law
> claim is substantially dependent upon analysis of
> the terms of an agreement made between the
> parties in a labor contract, that claim must either
> be treated as a § 301 claim, see *Avco Corp v Aero
> Lodge 735,* 390 US 557 [88 S Ct 1235; 20 L Ed 2d
> 126] (1968), or dismissed as pre-empted by federal
> labor-contract law. [*Lueck,* 471 US 220. See also
> *Lingle v Norge Division of Magic Chef, Inc,* 486 US
> —; 108 S Ct 1877; 100 L Ed 2d 410 (1988).]

This Court in *Cuffe v General Motors Corp,* 166
Mich App 766; 420 NW2d 874 (1988), relied upon
*Lueck* in finding that the plaintiff's HCRA claim
was preempted by federal law.

In *Cuffe,* the plaintiff had been laid off. The
plaintiff claimed that, according to his collective
bargaining agreement, he was entitled to a posi-

tion which was currently occupied by a less-senior employee. The plaintiff claimed that the failure to give him the position was discriminatory. The *Cuffe* Court held that, because plaintiff's claim was grounded upon the collective bargaining agreement, the claim was preempted by § 301 of the LMRA. 166 Mich App 771.

In the present case, plaintiff was laid off in October, 1983. After being laid off for several months, plaintiff registered for job placement in the "placement pool" pursuant to the collective bargaining agreement between his union and defendant. Section 47 of that agreement states:

> (47) An employee placed on Indefinite Layoff for a period in excess of four (4) calendar months, may register for placement for a job within the Bargaining Unit. Those employees who desire placement in another classification must register their names at the Employment Office where a registry receipt will be issued. This employee will displace the junior employee in a classification mutually agreed upon between the Company and Union, which is equal or lower in rate to the classification the employee last held provided the employee has the ability to perform the work involved.

Pursuant to § 47, plaintiff was recalled to the position of inventory stock person in July, 1984. Plaintiff, however, was unable to perform the duties of this position because of back difficulties, and it was determined that he has Scheuermann's disease. Plaintiff was put back in the placement pool but was never recalled to work. Apparently, management failed to "agree" to displace several junior employees and to replace them with plaintiff because they felt plaintiff did not have the necessary training to fill those positions. Plaintiff contends management's failure to agree was based

upon discriminatory motives because of his handicap.

In the present case, as in *Cuffe,* plaintiff's claim is grounded upon the collective bargaining agreement. It is clear that, but for defendant's recall agreement with the union, plaintiff would have no claim under the HCRA. *Rancour v The Detroit Edison Co,* 150 Mich App 276; 388 NW2d 336 (1986), lv den 428 Mich 860 (1987). Thus, plaintiff's claim depends on an analysis of the terms of § 47 of the collective bargaining agreement to determine what contractual duty defendant assumed and that question is preempted by federal law. Since the state courts lack jurisdiction in this matter, plaintiff must seek his remedy elsewhere.

We have reviewed plaintiff's remaining issues and find them to be without merit.

Affirmed.

MICHAEL J. KELLY, P.J. *(concurring).* Plaintiff relied heavily on the unanimous opinion of the Supreme Court in *Lingle v Norge Division of Magic Chef, Inc,* 486 US —; 108 S Ct 1877; 100 L Ed 2d 410 (1988), in which Justice Stevens expressed the view of the Court that § 301(a) of the Labor Management Relations Act, 29 USC 185(a), preempts the application of state law in an action only if such application requires interpretation of the collective bargaining agreement. Plaintiff contends that the sole issue we need decide is "why Mr. DesJardins was not recalled." Plaintiff claims it is because defendant discriminated against him due to his handicap.

Plaintiff's contention ignores the deposition testimony of a union representative which indicates that union and management representatives met many times to discuss putting plaintiff back to work. They met in the context of the recall provi-

sion of the collective bargaining agreement (§ 47) set out in the majority opinion. Without interpreting that section, which interpretation federal law preempts, where does plaintiff get standing to challenge defendant's recall motivation? From analogy to its hiring practices? Does defendant have an independent duty to accommodate plaintiff under the Michigan Handicappers' Civil Rights Act? If plaintiff walked in off the street would defendant have to find him a job he could do? I think not.

I concur because I believe the interpretation of the contract is "inextricably intertwined" with plaintiff's handicapper claim and is therefore preempted by the LMRA.