CUFFE v GENERAL MOTORS CORPORATION (ON REMAND)

Docket No. 116778. Submitted April 20, 1989, at Lansing. Decided October 2, 1989. Leave to appeal applied for.

James W. Cuffe brought an action in Wayne Circuit Court against General Motors Corporation, his employer, alleging discrimination in violation of the Handicappers' Civil Rights Act. The trial court, Thomas J. Foley, J., granted summary disposition in favor of defendant, ruling that the court lacked subject-matter jurisdiction because plaintiff's claim is preempted by § 301 of the Labor Management Relations Act, 29 USC 185. The Court of Appeals affirmed on appeal. 166 Mich App 766 (1988). The Supreme Court initially denied leave to appeal, 431 Mich 872 (1988), but later reconsidered and ordered a remand for reconsideration by the Court of Appeals in light of *Lingle v Norge Division of Magic Chef, Inc,* 486 US —; 108 S Ct 1877; 100 L Ed 2d 410 (1988). 432 Mich 885 (1989).

On remand the Court of Appeals *held:*

The Labor Management Relations Act preempts a state-law claim by an employee against his employer only where the application of state law would require, as it does in this case, interpretation of the collective bargaining agreement between employer and employee.

Affirmed.

Labor Relations — Labor Management Relations Act — Handicappers' Civil Rights Act — Federal Preemption.

The Labor Management Relations Act preempts a claim brought by an employee against his employer for discrimination in violation of the Handicappers' Civil Rights Act only where the application of state law would require interpretation of the collective bargaining agreement between employer and employee (29 USC 185; MCL 37.1101 *et seq.*; MSA 3.550[101] *et seq.*).

*Barry D. Adler,* for plaintiff.

REFERENCES

Am Jur 2d, Job Discrimination § 126; Labor and Labor Relations §§ 546 *et seq.*

See the Index to Annotations under Pre-Emption.

*Maurice G. Jenkins,* for defendant.

Before: MICHAEL J. KELLY, P.J., and MACKENZIE and WAHLS, JJ.

MICHAEL J. KELLY, P.J. On remand, we reconsider our opinion in *Cuffe v General Motors Corp,* 166 Mich App 766; 420 NW2d 874 (1988), lv den 431 Mich 872 (1988), reconsideration granted and remanded 432 Mich 885 (1989), in light of the United States Supreme Court's decision in *Lingle v Norge Division of Magic Chef, Inc,* 486 US —; 108 S Ct 1877; 100 L Ed 2d 410 (1988). In our original opinion for this case, we concluded that plaintiff's discrimination claim under the Handicappers' Civil Rights Act, MCL 37.1101 *et seq.;* MSA 3.550(101) *et seq.,* was preempted by § 301 of the Labor Management Relations Act, 29 USC 185, because it was substantially dependent upon analysis of plaintiff's collective bargaining agreement. We now affirm our original opinion.

In *Lingle, supra,* the Court held that § 301 of the LMRA will preempt a claim based on state law only if the application of state law requires interpretation of a collective bargaining agreement. 100 L Ed 2d 423. However, state courts may determine questions of state law involving labor relations where such questions do not involve construing collective bargaining agreements. *Id.,* p 422. State courts may even consider state-law causes of action where they involve the same issues and the same analysis of the facts as would be involved in a dispute resolution pursuant to a collective bargaining agreement, so long as the state-law claim can be resolved without interpreting the agree-

ment itself. *Id.,* pp 421, 423. With regard to state-law discrimination claims, the Court noted:

> [T]he mere fact that a broad contractual protection against discriminatory—or retaliatory—discharge may provide a remedy for conduct that coincidentally violates state law does not make the existence or the contours of the state law violation dependent upon the terms of the private contract. [*Id.,* p 423.]

Plaintiff Cuffe's HCRA claim asserted that he had a seniority right to a certain position, and that his employer discriminated against him due to his handicap by laying him off and assigning workers with less seniority to that job. Cuffe's claim does not merely allege discriminatory discharge which could also be a basis for bringing a grievance under his collective bargaining agreement. Rather, his complaint refers to his collective bargaining agreement and asserts seniority rights under that agreement as the basis for his HCRA claim. Plaintiff's HCRA claim is substantially dependent upon an analysis of the terms of his collective bargaining agreement, and so is preempted by § 301 of the Labor Management Relations Act.

Affirmed.