LOWE v FORD MOTOR COMPANY

Docket No. 115064. Submitted July 19, 1990, at Detroit. Decided January 8, 1991, at 9:05 A.M.

James Lowe brought an action in the Macomb Circuit Court against the Ford Motor Company, his employer, alleging discrimination in violation of the Handicappers' Civil Rights Act after being assigned a restricted work classification. The court, George R. Deneweth, J., granted summary disposition in favor of the defendant, ruling that the plaintiff's claim was preempted by federal labor law. The plaintiff appealed.

The Court of Appeals *held:*

Section 301 of the National Labor Management Relations Act, 29 USC 185, preempts a claim based on state law only where the claim requires interpretation of a collective bargaining agreement. The mere fact that there exists a contractual remedy for discrimination does not preclude a state action for discrimination based on violation of state law. Because the plaintiff's claim was based on rights guaranteed by law rather than any contractual right, the trial court erred in dismissing the plaintiff's action.

Reversed and remanded.

*Becker & Van Cleef, P.C.* (by *Robert Van Cleef*), for the plaintiff.

*Kevin E. Duke* and *Arnold G. Shulman,* Ford Motor Company, for the defendant.

Before: SHEPHERD, P.J., and SAWYER and Mc-DONALD, JJ.

McDONALD, J. Plaintiff appeals as of right from a January 9, 1988, order granting defendant's motion for summary disposition pursuant to MCR 2.116(C)(10) on the ground that plaintiff's claim in this action brought pursuant to the Michigan

Handicappers' Civil Rights Act, MCL 37.1101 *et seq.*; MSA 3.550(101) *et seq.*, was preempted by federal labor law. We reverse.

Plaintiff began working for Ford Motor Company in 1976. At all times relevant to this litigation plaintiff was a member of the collective bargaining unit represented by the United Auto Workers. In 1980, plaintiff was laid off by defendant as part of a general reduction in the work force. While on layoff, and apparently due to degenerative arthritis, plaintiff underwent total hip replacement surgery. In 1986, when Ford recalled plaintiff, one of Ford's physicians recommended plaintiff be restricted to work which involved no heavy lifting, excess bending, or prolonged standing. Plaintiff's physician disagreed with the Ford physician and stated plaintiff could work without restrictions. Plaintiff was then directed to a third physician, whose report indicated the hip surgery had been successful and that the hip had "excellent function." There was no indication in the report that any current physical barrier existed which might prevent plaintiff from doing his job. Nonetheless, the physician recommended plaintiff be given a restricted job involving limited standing, walking, and heavy lifting, because of concerns that problems might ultimately develop in the future.

According to an affidavit submitted by defendant, there were no positions available that met the restrictions recommended for plaintiff. Plaintiff was consequently placed on medical layoff. Thereafter plaintiff filed the instant claim, the pertinent portion of the complaint stating:

> 3. The Michigan Handicappers' Civil Rights Act, MCLA 37.1101 *et seq.* prohibits the discrimination in employment when the handicap does not effect [sic] job performance.

4. The Defendant Ford Motor Company breached this duty when it denied reemployment to James Lowe based upon what it preceded [sic perceived?] as a hip condition that may lead to future problems.

5. At no time was James Lowe unable to work or perform any of his job responsibilities associated with his job as a mill operator.

6. Defendant's conduct in discriminating against Mr. Lowe specifically because of his handicap, is a violation of the Michigan Handicappers' Civil Rights Act.

Plaintiff's complaint made no reference to the collective bargaining agreement between the UAW and Ford.

Defendant moved for summary disposition of plaintiff's action on the ground that the claim was preempted by § 301 of the National Labor Management Relations Act, 29 USC 185. Further, because plaintiff's claim allegedly requires interpretation of the collective bargaining agreement, defendant argued any claim raised by plaintiff under § 301 must be dismissed because of plaintiff's failure to exhaust the grievance procedures set forth in the agreement.

The trial court in its January 9, 1988, opinion and order granted defendant's motion, finding that plaintiff's claim was inextricably intertwined with the rights afforded him under the collective bargaining agreement. After granting plaintiff's motion for reconsideration in light of the recent United States Supreme Court opinion in *Lingle v Norge Division of Magic Chef, Inc,* 486 US 399; 108 S Ct 1877; 100 L Ed 2d 410 (1988), the trial court reaffirmed its earlier opinion and order dismissing plaintiff's suit. Plaintiff now appeals the dismissal of his case, contending his discrimination claim is not "inextricably intertwined" with the interpreta-

tion of the collective bargaining agreement. We agree.

Section 301 of the Labor Management Relations Act, 29 USC 185, preempts a claim based upon state law only where the claim requires interpretation of a collective bargaining agreement. *Lingle v Norge Division of Magic Chef, supra.* Thus, state law discrimination claims which assert denial of rights under a collective bargaining agreement necessarily require interpretation of the contract and so are preempted by § 301. *Cuffe v General Motors Corp (On Remand),* 180 Mich App 394; 446 NW2d 903 (1989). However, as the Supreme Court stated in *Lingle, supra,* pp 412-413:

> [T]he mere fact that a broad contractual protection against discriminatory—or retaliatory—discharge may provide a remedy for conduct that coincidentally violates state law does not make the existence or the contours of the state law violation dependent upon the terms of the private contract.

Our review of the instant plaintiff's complaint indicates no assertion of a denial of rights under the collective bargaining contract. Instead, plaintiff bases his complaint on the rights guaranteed under the HCRA. See *Smolarek v Chrysler Corp,* 879 F 2d 1326 (CA 6, 1989).

As determination of plaintiff's HCRA suit does not necessitate the interpretation of plaintiff's collective bargaining contract,[1] we find the trial court erred in determining plaintiff's claim was preempted by § 301 and in dismissing it.

Reversed and remanded.

---

[1] We note that the Supreme Court in *Lingle, supra,* p 413, n 12, found inconsequential for preemption purposes the fact that the collective bargaining agreement might contain information helpful in determining the damages to which a prevailing plaintiff in a state lawsuit is entitled, noting that not every suit tangentially involving a provision of a collective bargaining agreement is preempted by § 301.