## FLANAGAN v COMAU PICO

Docket No. 272305. Submitted February 6, 2007, at Detroit. Decided
February 27, 2007, at 9:20 a.m.

John Flanagan brought an action in the Oakland Circuit Court
alleging wrongful discharge and breach of contract against Wisne
Automation Engineering Company, which was his former em-
ployer, and others, after he was fired for his alleged involvement in
a theft of company property. The trial court, Michael D. Warren,
Jr., J., granted summary disposition to the defendants, applying
Michigan law to determine that the plaintiff had failed to demon-
strate a factual issue regarding whether his employment could be
terminated for just cause only. The plaintiff appealed. In an
unpublished opinion issued September 1, 2005 (Docket No.
253078), the Court of Appeals explained that if the employee
handbook was a collective-bargaining agreement, then the case
was likely governed by federal rather than state law. The Court of
Appeals reversed and remanded for further proceedings, instruct-
ing the trial court to consider whether § 301(a) of the Labor
Management Relations Act (LMRA), 29 USC 185(a), applied;
whether the preemption defense could be or had been waived; and
whether additional evidence would be necessary to resolve the case
under federal law. On remand, the trial court, Rae Lee Chabot, J.,
granted summary disposition to the defendants, ruling that pre-
emption under § 301 is a defense that the defendants had waived,
and that the original motion for summary disposition was properly
granted under Michigan law. The plaintiff appealed.

The Court of Appeals *held*:

1. Section 301 of the LMRA governs the plaintiff's claim
because the claim requires interpretation of the employee hand-
book, which is a collective-bargaining agreement, and the defen-
dants are in an industry affecting commerce.

2. The United States Supreme Court has held that § 301
preempts state law; accordingly, a party cannot waive the applica-
tion of § 301 if that provision governs the dispute. The caselaw
that the defendants cite for the contrary position is not binding
and is distinguishable.

3. State courts have concurrent jurisdiction over claims that
are governed by § 301.

Reversed and remanded for further proceedings.

1. LABOR RELATIONS — LABOR MANAGEMENT RELATIONS ACT — FEDERAL PRE-
   EMPTION.

   Section 301 of the Labor Management Relations Act preempts state
   law with respect to a claim that requires interpretation of a
   collective-bargaining agreement where the defendant is in an
   industry affecting commerce (29 USC 185[a]).

2. LABOR RELATIONS — LABOR MANAGEMENT RELATIONS ACT — FEDERAL PRE-
   EMPTION — DEFENSES.

   A party cannot waive the application of the Labor Management
   Relations Act (29 USC 185[a]).

3. LABOR RELATIONS — LABOR MANAGEMENT RELATIONS ACT — FEDERAL PRE-
   EMPTION — JURISDICTION.

   State courts have concurrent jurisdiction over claims that are
   governed by § 301 of the Labor Management Relations Act (29
   USC 185[a]).

*Cummings, McClorey, Davis & Acho, P.L.C.* (by *Eileen K. Husband*), for the plaintiff.

*Plunkett & Cooney, P.C.* (by *Ernest R. Bazzana*), for the defendants.

Before: KELLY, P.J., and DAVIS and SERVITTO, JJ.

PER CURIAM. In this action for wrongful discharge and breach of contract,[1] plaintiff appeals as of right the trial court's order granting summary disposition to defendants under state law and pursuant to MCR 2.116(C)(10). Because the Labor Management Relations Act (LMRA), 29 USC 141 *et seq.*, specifically § 301, 29 USC 185(a), preempts plaintiff's claim, we reverse and remand to the trial court for further proceedings under federal law.

---

[1] Although plaintiff's complaint alleged several other causes of action (as noted below), only this claim is at issue on appeal.

I. FACTS

According to plaintiff's complaint, he was hired in August 1984 by defendant Wisne Automation Engineering Company[2] as a welder, and he eventually became a class I machine builder. In March 2001, a fellow employee asked plaintiff if he could use plaintiff's truck to haul some scrap wood from the workplace to his home. Plaintiff agreed. However, it was later discovered by the plant foreman, defendant James Haas, that the employee had actually loaded new boards, not scrap wood, onto plaintiff's truck. After an investigation, and a discussion with the director of labor relations, the plant manager, defendant George Bills, fired plaintiff. A grievance filed on plaintiff's behalf was denied.

In February 2003, plaintiff filed a complaint alleging breach of contract and wrongful discharge against Wisne Automation, tortious interference with a contractual or business relationship against Haas and Bills, conspiracy to commit wrongful termination against all defendants, fraud against Wisne Automation and Bills, and innocent misrepresentation against Wisne Automation and Bills.

Defendants filed a motion for summary disposition, arguing, in relevant part, that plaintiff failed to establish that he had a just-cause employment contract or a legitimate expectation of just-cause employment under Michigan law. Plaintiff filed a response to defendants' motion. In his brief, he asserted that the employee handbook was a "union contract," pursuant to which plaintiff could only be terminated for just cause. Plaintiff also argued that he had a legitimate expectation of

---

[2] Codefendant Comau Pico is either affiliated with Wisne Automation or is a name under which Wisne Automation transacts business. The distinction is not important to this case.

just-cause employment. In support of his arguments, plaintiff also applied Michigan law.

At a hearing, the parties again debated the question whether, considering the provisions of the employee handbook, Wisne Automation's alleged past practice, and the representations allegedly made to plaintiff, there was a genuine question of material fact concerning whether plaintiff had a legitimate expectation of, or an express contract for, just-cause employment. The trial court took defendants' motion under advisement.

The trial court ultimately issued an opinion and order granting summary disposition to defendants on all counts. Concerning plaintiff's wrongful-discharge claim, the court applied Michigan law and determined that plaintiff had failed to demonstrate a genuine issue of material fact with regard to whether he had a legitimate expectation of just-cause employment or an express just-cause employment contract.

In this Court, plaintiff appealed as of right the trial court's order dismissing his claim for wrongful discharge and breach of contract. This Court, rather than addressing the issues presented on appeal, held that if the Wisne Automation Shop Employee Handbook is a collective-bargaining agreement, state law "would likely be preempted by § 301(a) of the Labor-Management Relations Act ('LMRA'), 29 USC 185(a)." *Flanagan v Comau Pico,* unpublished opinion per curiam of the Court of Appeals, issued September 1, 2005 (Docket No. 253078), slip op at 2. This Court reversed and remanded, instructing the trial court to consider "whether § 301 applies, whether the preemption defense may [be] or has been waived, and whether additional evidence must be submitted to analyze the applicability and effect of federal labor law under the facts of this case." *Id.*

On remand, defendants filed a renewed motion for summary disposition, arguing that the issue whether § 301 preemption applied was irrelevant because defendant had affirmatively waived the "defense." Defendants also argued that even if federal law did apply, it directed the court to apply state law. Plaintiff responded that § 301 cannot be waived and that genuine issues of material fact existed regarding his employment status under both the express-contract and legitimate-expectations theories. The trial court granted defendants' motion, ruling that the § 301 preemption is a defense that defendants waived and that the original motion for summary disposition was properly granted pursuant to Michigan law on the ground that plaintiff failed to present any evidence of a just-cause employment relationship.

## II. ANALYSIS

To resolve whether the trial court erred in granting defendants' motion for summary disposition pursuant to Michigan law, we must determine (1) whether plaintiff's wrongful-discharge claim is preempted by federal law pursuant to § 301 of the LMRA, (2) whether a party may waive the application of § 301, and (3) whether, if § 301 applies and may not be waived, the trial court has jurisdiction over the case.

### A. STANDARD OF REVIEW

We review de novo a trial court's decision on a motion for summary disposition. *Dressel v Ameribank,* 468 Mich 557, 561; 664 NW2d 151 (2003). Summary disposition is proper under MCR 2.116(C)(10) if the documentary evidence submitted by the parties, viewed in the light most favorable to the nonmoving party, shows that there is no genuine issue regarding any material

fact and the moving party is entitled to judgment as a matter of law. *Veenstra v Washtenaw Country Club*, 466 Mich 155, 164; 645 NW2d 643 (2002).

### B. DOES § 301 APPLY?

Because resolution of this dispute requires interpretation of a collective-bargaining agreement and defendants are in an industry affecting commerce, § 301 governs plaintiff's claim.

Section 301(a) provides:

> Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this Act . . . may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties. [29 USC 185(a).]

The United States Supreme Court has held that "an application of state law is preempted by § 301 of the [LMRA] only if such application requires the interpretation of a collective-bargaining agreement." *Lingle v Norge Div of Magic Chef, Inc*, 486 US 399, 413; 108 S Ct 1877; 100 L Ed 2d 410 (1988); see also *Betty v Brooks & Perkins*, 446 Mich 270, 279-280; 521 NW2d 518 (1994).

Plaintiff has alleged that, in discharging him, defendants breached the parties' just-cause employment agreement. Specifically, plaintiff alleged:

> At all times relevant to this cause of action, the Plaintiff John Flanagan was employed under a just cause employment relationship pursuant to: (I) the Comau/Wisne Employee Handbook, (ii) the oral representations of just cause employment by George Bills and (iii) Defendants['] policies practices and procedures for progressive discipline and termination for just cause only.

Defendants dispute that the employment relationship was just-cause, asserting, rather, that it was at-will. Because plaintiff's claim involves the disputed assertion that the employee handbook sets forth a just-cause employment relationship, interpretation of the employee handbook is required. The question remains whether the employee handbook is a collective-bargaining agreement.

In his prior appeal, plaintiff characterized the employee handbook as an employment contract to be analyzed under state contract law, while Wisne Automation characterized it as a unilateral expression of its policies, not a binding contract at all. Accordingly, the parties and the trial court analyzed the issues according to Michigan law governing individual contracts of employment and wrongful-discharge actions under *Toussaint v Blue Cross & Blue Shield of Michigan*, 408 Mich 579; 292 NW2d 880 (1980), and its progeny.

However, the employee handbook is a collective-bargaining agreement. The document expressly states that its general purpose is to "set forth terms and conditions of employment and to promote orderly and peaceful relations for the mutual interest of the Employer . . . , the Employees, and Wisne Automation and Engineering Company Employees Association," and further provides that the Wisne Automation and Engineering Company Employees Association is the "exclusive representative of the shop employees for the purposes of collective bargaining with respect to wages, hours, grievances, benefits, and other conditions of employment." It also provides that all employees covered by the agreement "shall become members of the association as a condition of continued employment." It further provides for a deduction of dues from all employees' monthly pay. In numerous places, the employee

handbook refers to itself as "this agreement." As such, the employee handbook is clearly a collective-bargaining agreement. Therefore, considering plaintiff's claim and defendants' stance, this dispute requires the interpretation of a collective-bargaining agreement.

Next we consider whether defendants were engaged in an "industry affecting commerce" as defined in the LMRA. Section 501, 29 USC 142(1), defines "industry affecting commerce" as "any industry or activity in commerce or in which a labor dispute would burden or obstruct commerce or tend to burden or obstruct commerce or the free flow of commerce." Wisne Automation is in the business of designing and manufacturing welding fixtures, automated systems, special machinery, and automated test systems for various companies in the automotive industry, including the Ford Motor Company. Wisne Automation concedes that it is regulated by the Employee Retirement Income Security Act (ERISA), 29 USC 1001 *et seq.*, which is restricted to employees working in an industry affecting interstate commerce. Therefore, there is no legitimate question about whether Wisne Automation is involved in an "industry affecting commerce" as defined by the LMRA.

Because this dispute requires the interpretation of a collective-bargaining agreement and defendants are in an industry affecting commerce, § 301 governs plaintiff's claim.

### C. CAN A PARTY WAIVE § 301?

The next question is whether, as defendants contend, a party may waive the application of § 301. We hold that if a dispute is governed by § 301, a party may not waive its application.

In *Betty, supra* at 276, our Supreme Court noted:

The authority of Congress to preempt state law is rooted in the Supremacy Clause of the United States Constitution. *Gibbons v Ogden,* 22 US (9 Wheat) 1; 6 L Ed 23 (1824). Whether a state claim is preempted by a federal statute "is, of course, a question of federal law." *Allis-Chalmers Corp v Lueck,* 471 US 202, 214; 105 S Ct 1904; 85 L Ed 2d 206 (1985). "[W]here Federal questions are involved we are bound to follow the prevailing opinions of the United States supreme court." *Harper v Brennan,* 311 Mich 489, 493; 18 NW2d 905 (1945).

In considering whether state courts were free to apply state law when called on to enforce collective-bargaining agreements, the United States Supreme Court held:

The dimensions of § 301 require the conclusion that substantive principles of federal labor law must be paramount in the area covered by the statute. . . . The possibility that individual contract terms might have different meanings under state and federal law would inevitably exert a disruptive influence upon both the negotiation and administration of collective agreements. [*Teamsters v Lucas Flour Co,* 369 US 95, 103; 82 S Ct 571; 7 L Ed 2d 593 (1962).]

See also *Lingle, supra* at 403-404. The Court reiterated this position in *Lingle,* citing *Lucas Flour* and *Allis-Chalmers Corp v Lueck,* 471 US 202; 105 S Ct 1904; 85 L Ed 2d 206 (1985), stating that

if the resolution of a state-law claim depends upon the meaning of a collective-bargaining agreement, *the application of state law* (which might lead to inconsistent results since there could be as many state-law principles as there are States) *is pre-empted and federal labor-law principles* —necessarily uniform throughout the Nation—*must be employed* to resolve the dispute. [*Lingle, supra* at 405-406 (emphasis added).]

Thus, to conclude that a party may waive the § 301 preemption and thereby avoid federal substantive law

would be contrary to United States Supreme Court authority, would render § 301 meaningless, and would usurp the power of the United States Congress.

Further, defendants have cited no support for their assertion that they are permitted to waive § 301. In support of their position that § 301 may be waived, defendants rely on federal cases and a case from another jurisdiction that applied federal law. First, defendants rely on *Tolliver v Kroger Co*, 201 W Va 509, 512; 498 SE2d 702 (1997), in which the plaintiff, who was subject to a collective-bargaining agreement that governed all employer-employee disputes, filed claims of gender discrimination, assault and battery, and intentional infliction of emotional distress (IIED) against the defendant. After the trial court granted summary disposition of the claims of assault and battery and IIED on the basis that they were subject to resolution under the collective-bargaining agreement, the Supreme Court of Appeals of West Virginia sua sponte determined that the IIED claim required interpretation of the collective-bargaining agreement, thus implicating § 301. *Id.* at 513-515. However, noting the defendant's "failure to raise Section 301," the court considered whether that preemption may be waived "when it is not argued at the trial court or appellate level[.]" *Id.* at 515.

In so doing, the court noted two federal court opinions that had addressed waiver of the § 301 preemption. *Id.* In *Johnson v Armored Transport of California, Inc*, 813 F2d 1041, 1042-1043 (CA 9, 1987), a wrongful-discharge case, after the trial court reached a decision adverse to the defendant under state law, the defendant raised § 301 preemption on appeal. The Ninth Circuit held that the defendant "waived the argument that section 301 preempts the state law wrongful discharge claim because the argument was not properly preserved

in the district court." *Id.* at 1044. In a footnote, the *Tolliver* court also noted that in *Sweeney v Westvaco Co,* 926 F2d 29, 40 (CA 1, 1991), the court held, "[I]n an appropriate case, a party can waive § 301 pre-emption; the parties do not have an absolute right to raise that argument at any stage they wish in the proceedings." *Tolliver, supra* at 515 n 8.

The *Tolliver* court distinguished the case before it on the ground that § 301 preemption was never raised. It went on to hold that

> failure on the part of a party to properly raise preemption under Section 301 . . . , either before the circuit court or on appeal, constitutes a waiver of consideration and application of Section 301 preemption by this Court. . . . On the other hand, should a party fail to raise Section 301 preemption at the circuit court level, but properly raises and briefs the issue on appeal, the waiver rule will not bar consideration of the issue on the merits. [*Tolliver, supra* at 516.]

Defendants suggest that this Court adopt a similar rule. However, in addition to the fact that these cases are not binding authority, we detect a significant distinction. In these cases, the § 301 preemption argument was raised after the defendant suffered an adverse ruling under state law. Under those circumstances, the federal appellate courts considered whether the defendant had waived the § 301 *argument.* In contrast to these cases, defendants in this case, who obtained a favorable ruling from the trial court under state law, are now (after this Court remanded for consideration of § 301) seeking to preserve the trial court's ruling by contending that they "waived" *application* of § 301 by not offering it as a defense. Thus, even if this Court were required to follow these cases, their facts are distinguishable from the facts in this case.

Additionally, plaintiff points out that in *Apponi v Sunshine Biscuits, Inc,* 809 F2d 1210 (CA 6, 1987), the defendant, in a second appeal, raised § 301 preemption for the first time. The court noted that ordinarily a failure to plead an "affirmative defense" results in a waiver of that defense. *Id.* at 1215. However, without determining that § 301 is an affirmative defense, it also held that § 301 "expresses a compelling policy in favor of uniform application of federal law in actions to enforce labor contracts, and, therefore, we decline to apply the waiver rule." *Id.* While also not binding on this Court, this ruling appears to be more in keeping with the United States Supreme Court authority cited above.

Therefore, pursuant to United States Supreme Court authority, we hold that if a dispute is governed by § 301, federal law preempts state law, and a party may not waive its application.

### D. TRIAL COURT'S JURISDICTION

The final question concerns what to do when a plaintiff in state court brings a state-law claim that is governed by § 301. We have found a number of unpublished cases in which this Court, after determining that § 301 governed a claim, held that dismissal was appropriate.[3] Also, in *Cuffe v Gen Motors Corp (On*

---

[3] *Massengale v Motor City Casino,* unpublished opinion per curiam of the Court of Appeals, issued April 25, 2006 (Docket No. 259405); *Harris v Ford Motor Co,* unpublished opinion per curiam of the Court of Appeals, issued February 8, 2005 (Docket No. 250983); *Clements v Wolverine Tractor & Equip Co, Inc,* unpublished opinion per curiam of the Court of Appeals, issued October 2, 1998 (Docket No. 204664); *Anderson v Ford Motor Co,* unpublished opinion per curiam of the Court of Appeals, issued March 24, 1998 (Docket No. 197899); *Ash v Try-Me Distributing Co,* unpublished opinion per curiam of the Court of Appeals, issued January 23, 1998 (Docket No. 200789), slip op at 3 (in which the Court held that

*Remand),* 180 Mich App 394, 395-396; 446 NW2d 903
(1989), the trial court granted summary disposition of
the plaintiff's claim on the basis that the trial court
lacked subject-matter jurisdiction because the plain-
tiff's claim was preempted by § 301. This Court af-
firmed the dismissal on the basis that the plaintiff's
claim was "substantially dependent upon an analysis of
the terms of his collective[-]bargaining agreement, and
so is preempted by § 301 of the [LMRA]." *Id.* at 396.
Earlier, in *DesJardins v Budd Co,* 175 Mich App 599;
438 NW2d 622 (1988), this Court held that the plain-
tiff's claim was preempted by § 301 and concluded,
"Since the state courts lack jurisdiction in this matter,
plaintiff must seek his remedy elsewhere."

However, more recently, in *Betty, supra* at 287 n 21,
our Supreme Court noted:

> Defendant also contends that federal courts have exclu-
> sive jurisdiction over labor contract disputes that arise
> under § 301 of the LMRA. However, this question was
> settled in *Dowd Box Co v Courtney,* 368 US 502; 82 S Ct
> 519; L Ed 2d 483 (1962), wherein the United States
> Supreme Court determined that, while federal law is
> applicable, state and federal courts have concurrent juris-
> diction with respect to contract disputes within the ambit
> of § 301.

Indeed, the United States Supreme Court has made
clear that state courts have concurrent jurisdiction over
such claims. In *United Steelworkers of America v Raw-
son,* 495 US 362, 368; 110 S Ct 1904; 109 L Ed 2d 362
(1990), it held:

> Over 30 years ago, this Court held that § 301 not only
> provides the federal courts with jurisdiction over contro-

---

when the § 301 preemption applied to the plaintiff's claim, "[b]ecause the
state courts lack jurisdiction in this matter, plaintiff must seek his
remedy elsewhere.").

versies involving collective-bargaining agreements but also authorizes the courts to fashion "a body of federal law for the enforcement of these collective bargaining agreements." *Textile Workers* v. *Lincoln Mills of Alabama,* 353 U.S. 448, 451 (1957). Since then, the Court has made clear that § 301 is a potent source of federal labor law, *for though state courts have concurrent jurisdiction over controversies involving collective-bargaining agreements, Charles Dowd Box Co.* v. *Courtney,* 368 U.S. 502 (1962), state courts must apply federal law in deciding those claims, *Teamsters* v. *Lucas Flour Co.,* 369 U.S. 95 (1962), and indeed any state-law cause of action for violation of collective-bargaining agreements is entirely displaced by federal law under § 301, see *Avco Corp.* v. *Machinists,* 390 U.S. 557 (1968). State law is thus "pre-empted" by § 301 in that only the federal law fashioned by the courts under § 301 governs the interpretation and application of collective-bargaining agreements. [Emphasis added.]

Additionally, although no longer binding, this Court has held that "[a] state court has jurisdiction over § 301 claims to enforce collective[-]bargaining agreements." *Sargent v Browning-Ferris Industries,* 167 Mich App 29, 36; 421 NW2d 563 (1988), citing *Allis-Chalmers, supra.*

Accordingly, we conclude that plaintiff's wrongful discharge claim is governed by § 301, and the trial court, which has concurrent jurisdiction over the claim, must treat it as a claim arising under federal labor law. While it is possible that federal law ultimately will warrant dismissal of the case, that is a matter that may be addressed in the trial court once the parties and the trial court are clear that they must proceed under federal law.

Reversed and remanded. We do not retain jurisdiction.