**Charles MacDONALD, et al.**

v.

**MONSANTO CO., et al.**

**Civ. A. No. 1:91CV162.**

United States District Court, E.D. Texas, Beaumont Division.

Feb. 25, 1993.

James William Mehaffy, Jr., Beaumont, TX, for Charles MacDonald and Winona MacDonald.

Thomas J. Solari, Woodley, Williams, Fenet, Palmer, Boudreau & Norman, Lake Charles, LA, for State of LA.

James Mayer Harris, Jr., Holmes & Harris, Beaumont, TX, James H. Brown, Jr., George A. Frilot, Joanne Cain Marier, Lemle & Kelleher, New Orleans, LA, Paul A. Rajkowski, Richard W. Sobalvarro, Donohue Rajkowski Ltd., St. Cloud, MN, for Monsanto Co.

Terry Lynn Jacobson, Dawson & Sodd, Corsicana, TX, Daniel V. Flatten, Otto J. Weber, Jr., Mehaffy & Weber, Beaumont, TX, for Dow Chemical Co.

Otto J. Weber, Jr., Mehaffy & Weber, Beaumont, TX, for ICI Americas, Inc., E.I. DuPont, Bell Chemical Co., Chevron Chemical Co., Ortho Products & Dow Chemical.

D. Dudley Oldham, Fulbright & Jaworski, Houston, TX, for Nalco Chemical Co.

James Dale Dowell, Rienstra, Dowell & Flatten, Beaumont, TX, for American Optical Corp.

## MEMORANDUM AND ORDER

JOE J. FISHER, District Judge.

This is a personal injury action involving a toxic tort claim. The Court is exercising diversity jurisdiction. Defendant has moved for summary judgment on the grounds that FIFRA preempts plaintiff's failure to warn claim.

Plaintiff was exposed while on his job to pesticides containing the phenoxy herbicide 2,4–D, produced by defendants. This herbicide was packaged in containers bearing labels approved by the Environmental Protection Agency ("EPA") pursuant to the Federal Insecticide, Fungicide and Rodenticide Act ("FIFRA"). Plaintiff was later diagnosed with medical problems which allegedly resulted from his exposure to 2,4–D. Plaintiff brought this action alleging violation of Texas products liability law in that defendants' labeling was inadequate. Defendants move for summary judgment, alleging that FIFRA preempts this cause of action.

The sole issue this motion presents is whether FIFRA preempts state common law failure to warn claims. FIFRA Section 136v(b) states "Such State shall not impose or continue in effect any requirements for labeling or packaging in addition to or different from those required under this subchapter." 7 U.S.C. 136v(b). It is not contested that this preempts any state legislation on the subject of pesticide labeling. Courts, however, have been split as to whether this section preempts common law claims for failure to warn. *Ferebee v. Chevron Chemical Co.*, 736 F.2d 1529 (D.C.Cir.1984) (FIFRA does not preempt common law failure to warn claims); *Arkansas–Platte & Gulf Partnership v. Van Waters & Rogers, Inc.*, 959 F.2d 158 (10th Cir.1992) (FIFRA preempts state common law failure to warn claims). The Fifth Circuit has not addressed this issue.

In *Ferebee*, the D.C. Circuit held that the section in question did not pre-empt the common law claim. *Ferebee*, 736 F.2d at 1542. The court began its analysis with the assumption that "the historic police powers of the states were not to be super-

seded by the Federal Act unless that was the clear and manifest purpose of Congress". *Id. citing Rice v. Santa Fe Elevator Corp.*, 331 U.S. 218, 230, 67 S.Ct. 1146, 1152, 91 L.Ed. 1447 (1947). The Court stated that purpose exists when "Congress has explicitly preempted the precise and specific state action, when compliance with both federal and state law would be impossible, or when the state's law stands as an obstacle to accomplishment of the full purposes and objectives of Congress." *Id. citing Silkwood v. Kerr–McGee Corp.*, 464 U.S. 238, 104 S.Ct. 615, 78 L.Ed.2d 443 (1984). Applying this analysis to FIFRA the D.C. Circuit determined that none of these conditions existed. *Ferebee*, 736 F.2d at 1542. The court found that the section did not explicitly preempt state damage actions, only ordering states not to legislate changes to FIFRA approved labels. *Id.* It also found that compliance with Federal and state law was not impossible as defendants can choose to continue to use FIFRA labels and pay successful tort plaintiffs; or defendants can petition the EPA to change the label. *Id.* The court also found that state damages do not stand as an obstacle to FIFRA's purposes, because FIFRA is a regulatory statute aimed at protecting citizens from the hazards of pesticides. *Id.*

The defendants urge the Court to reject the D.C. Circuit's analysis and instead follow the holding of the Tenth Circuit. The Tenth Circuit rejected *Ferebee*'s analysis of FIFRA in *Arkansas–Platte & Gulf Partnership v. Van Waters & Rogers, Inc.*, 959 F.2d 158, 162 (1992), aff'd on remand, 981 F.2d 1177 (10th Cir.1993). The court held that Section 136v(b) precludes any state requirements for labeling and packaging, including awards of damages in tort actions. *Id.* at 161. The court reasoned that state court damage awards based on failure to warn would constitute "ad hoc determinations of the adequacy of statutory labeling standards", which would hinder accomplishment of the full purpose of 136v(b), "to ensure uniform labeling standards". *Arkansas–Platte*, 959 F.2d at 162 (*citing Papas v. Upjohn Co.*, 926 F.2d 1019, 1024 (11th Cir.1991)). The Eleventh Circuit rejected the D.C. Circuit's *Ferebee*

"choice of reaction" analysis as inconsistent with FIFRA's preclusion of "any requirements for labeling or packaging". *Id.* at 162.

The Supreme Court remanded both the *Arkansas–Platte* and *Papas* cases to the Tenth and Eleventh Circuits for reconsideration in light of the test set out in the *Cipollone* case. *Cipollone v. Liggett Group, Inc.*, —— U.S. ——, 112 S.Ct. 2608, 120 L.Ed.2d 407 (1992). In *Cipollone*, the Supreme Court determined that the preemptive scope of acts with specific preemptive provisions is governed by the specific language of the statute. *Id.* The *Cipollone* Court examined the language of two cigarette labeling provisions in light of the presumption against the preemption of state police power, examining the language for words addressing additional obligations imposed under state law, and pointing out that there is no general, inherent conflict between federal preemption of state warning requirements and the continued vitality of state common law damage actions. *Id.* The major difference the Court observed between the two provisions was the specific language congress had applied to what was proscribed in each: in the first the words "No statement" were employed, in the second act Congress used the phrase "no requirements or prohibitions". The Supreme Court held that the first act, which preempted "statements" was very narrow and specific. *Id.* The Court held that the language in the first act could only be read to preempt state statutory acts, not common law causes of action. *Id.* The Court held that the phrase "no requirement or prohibition" "sweeps broadly and suggests no distinction between positive enactments and common law". *Id.* The Supreme Court held that language such as "requirements or Prohibitions" in a preemption provision indicated the intent to proscribe all state intervention, including common law actions. *Id.* The Court then remanded the Tenth and Eleventh Circuits' decisions on FIFRA for reconsideration in keeping with its analysis. *Id.*

The only decision applying the *Cipollone* test to FIFRA's preemption provision is the

decision on remand by the Tenth Circuit in *Arkansas–Platte & Gulf Partnership v. Van Waters & Rogers, Inc.*, 981 F.2d 1177 (10th Cir.1993). The Tenth Circuit affirmed its previous decision on remand, concluding that the proscription of "any requirement" in FIFRA Section 136v(b) was similar in breadth to the "no requirement or prohibition" language in *Cipollone*, and thus preempted common law actions as well as statutory acts. *Arkansas–Platte*, at 1178–79.

Defendants urge this Court to accept the *Arkansas–Platte* analysis of the effect of *Cipollone* on FIFRA as the correct one. The Court declines to do so. The Tenth Circuit fails to address the Supreme Court's discussion of the presumption against the preemption of state police power. *Cipollone*, —— U.S. at ——, 112 S.Ct. at 2613. That discussion emphasized that there is no inherent conflict between federal preemption of state warning requirements and the continued vitality of state common law damage actions. *Id.* This language directly conflicts with the Tenth Circuit's holding that such damage awards "constitute ad hoc determinations of the adequacy of statutory labeling standards" and as such were necessarily precluded. *Arkansas–Platte*, 959 F.2d at 162.

The Tenth Circuit also failed to take into account the significant differences between the statutes the Supreme Court interpreted in *Cipollone* and FIFRA. The statutes *Cipollone* dealt with mandated specific federally worded warnings which could not be changed. *Cipollone*, —— U.S. at ——, 112 S.Ct. at 2612. FIFRA, on the other hand, permits the companies producing the pesticides to submit their own wording for proposed labels, which the EPA only approves. The labeling is rarely uniform, in fact products containing the same active ingredient are often labeled differently. *Riden v. ICI Americas*, 763 F.Supp. 1500, 1508 (W.D.Mo.1991). FIFRA also provides a simple process for amending the labels. *Id.* Thus, one major consideration behind the Supreme Court's holding in *Cipollone*, that the statute did not allow for a change of labeling if a jury found the label inadequate, does not apply here.

The Tenth Circuit's analysis of FIFRA determined that the "full purpose" of 136v(b) was "to ensure uniform labeling standards". *Arkansas–Platte*, 959 F.2d at 162. Under FIFRA no such uniform labeling occurs. *Riden*, 763 F.Supp. at 1508 ("the requirements nevertheless permit labeling variations even among products containing the same active ingredient. Thus, to argue that a (sic) adverse jury award would threaten FIFRA's policy of uniform labeling belies the truth"). Furthermore, FIFRA is a regulatory statute whose purpose is to protect mankind and his environment. S.Rep. No. 92–838, 92D Cong.2d Sess., *Reprinted in* 1972 U.S.Code Cong. & Admin.News 3993. Federal legislation traditionally serves to set minimum standards of safe conduct rather than to set a ceiling on the ability of states to protect their citizens. *Ferebee*, 736 F.2d at 1543. This Court recognizes that FIFRA is merely a regulatory statute rather than "an affirmative subsidization of the pesticide industry". *Id.* at 1542.

Finally, this Court does not agree with the Tenth Circuit's analysis of ERISA 136v(b)'s language. In applying the *Cipollone* test the Tenth Circuit determined that ERISA's "any requirement" was equivalent in effect to *Cipollone*'s "no requirement or prohibition" language. In examining that language it would appear that the use of the phrase "requirement or prohibition" is far broader and more encompassing than the word "requirements" alone. It appears to this Court that the effect of the word "requirements" by it self is to address only statutory requirements, while the addition of the words "or prohibitions" would broaden the effect of the language to preempt all state action. This Court finds that the ERISA language is closer in scope to the language of the 1965 Act interpreted by *Cipollone*, and similarly only preempts state statutory labeling requirements.

This Court will join the majority of federal courts to date and adopt the *Ferebee* court's rationale. *Riden*, 763 F.Supp. at

1505. The defendant's motion for summary judgment is DENIED.