**Dennis SHIELD, Administrator of the Estate of Daniel Edward Shield**

v.

**BAYLINER MARINE CORP.**

Civ. No. N–87–221 (WWE).

United States District Court, D. Connecticut.

May 12, 1993.

Donald G. Walsh, Walsh, Burt & Associates, New Haven, CT, Vincent R. Falcone, Falcone & Lyons, West Haven, CT, for Dennis Shield.

John R. McGrail, McGrail, Carroll & Sheedy, Dennis W. Gillooly, Sperandeo & Donegan, New Haven, CT, for Bayliner Marine Corporation.

Frederick W. Danforth, Jr., Danforth, Cleary & Grenier, Nada Morin, Law Offices of Nada K. Sizemore, New Haven, CT, for John H. Paul.

## RULING ON MOTION FOR PARTIAL SUMMARY JUDGMENT

EGINTON, Senior District Judge.

### FACTS

In June 1985, the decedent Daniel Edward Shield fell from the bow of a boat manufactured by defendant Bayliner Marine Corp. and was fatally injured. The accident occurred on the Potomac River, which is a state territorial waterway. At the time of his death, Daniel was fourteen years old and unemployed.

As administrator of the estate of his son, plaintiff Dennis Shield settled the estate's claims against the owner/operator of the boat for the sum of $299,000. In the same capacity, plaintiff filed this survival action against the defendant seeking (1) funeral expenses, (2) conscious pain and suffering of the decedent, (3) lost future earnings, and (4) loss of the enjoyment of life. Liability is based on both negligence and strict liability.

Defendant has moved for partial summary judgment under Fed.R.Civ.P. 56 on the grounds that plaintiff cannot recover nonpecuniary losses in a maritime wrongful death action and that defendant cannot be held strictly liable for the absence of a propeller guard.

### DISCUSSION

#### Summary Judgment Standard

A motion for summary judgment will be granted where there is no genuine issue as to any material fact and it is clear that the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). The burden is on the moving party to demonstrate the absence of any material factual issue genuinely in dispute. *American International Group, Inc. v. London American International Corp.*, 664 F.2d 348, 351 (2d Cir.1981). In determining whether a genuine factual issue exists, the court must resolve all ambiguities and draw all reasonable inferences against the moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S.Ct. 2505, 2513, 91 L.Ed.2d 202 (1986).

#### Applicable Law

■ Although plaintiff's complaint was brought under both diversity jurisdiction, 28 U.S.C. § 1332, and admiralty jurisdiction, 28 U.S.C. § 1333, it is clear that general maritime law applies in this case. First, the Potomac River is a navigable waterway for purposes of admiralty jurisdiction. Second, the accident occurred while the decedent was

taking a pleasure ride on a boat, a traditional maritime activity. The fact that plaintiff relies partly on diversity jurisdiction does not affect the rule that maritime law applies. Thus, to the extent plaintiff seeks to recover under Connecticut state law, his claim must be dismissed. *Wahlstrom v. Kawasaki Heavy Ind., Ltd.*, 800 F.Supp. 1061, 1062–63 (D.Conn.1992); *Preston v. Frantz*, slip op., No. B–88–285 (WWE) (Nov. 16, 1992).

In its motion, defendant characterizes plaintiff's claim as a wrongful death claim. However, this court views the complaint as a survival action. Generally, a wrongful death action seeks to recover damages to beneficiaries resulting from the decedent's death. In contrast, a survival action is designed to recover damages the decedent could have recovered but for his death. The damages cited by plaintiff relate to decedent, not to his beneficiaries. Accordingly, this court will analyze the motion under the general maritime law regarding survival actions. *Wahlstrom*, 800 F.Supp. at 1062–63.

### Damages Recoverable in Maritime Survival Action

As stated above, plaintiff seeks to recover for (1) funeral expenses, (2) conscious pain and suffering of the decedent, (3) lost future earnings, and (4) loss of the enjoyment of life. Defendant concedes that plaintiff is entitled to funeral expenses, but argues that general maritime law prohibits recovery for the other non-pecuniary losses plaintiff alleges.

Although the damages recoverable in a maritime survival action are not well defined in the Second Circuit, the majority of courts that have considered this issue have held that pre-death pain and suffering is compensable. *Evich v. Morris*, 819 F.2d 256, 258 (9th Cir.1987), *cert. denied*, 484 U.S. 914, 108 S.Ct. 261, 98 L.Ed.2d 218 (1987); *Azzopardi v. Ocean Drilling & Exploration Co.*, 742 F.2d 890, 893 (5th Cir.1984); *Barbe v. Drummond*, 507 F.2d 794, 799–800 (1st Cir. 1974); *Spiller v. Thomas M. Lowe, Jr. & Assoc., Inc.*, 466 F.2d 903, 911 (8th Cir.1972);

*Preston,* slip op., No. B–88–285 (WWE) (Nov. 16, 1992); *Cf. In Re Inflight Explosion,* 778 F.Supp. 625, 635 (E.D.N.Y.1991), *rev'd on other grounds,* 975 F.2d 35 (2d Cir.1992), *cert. denied,* —— U.S. ——, 113 S.Ct. 1944, 123 L.Ed.2d 650 (1993). Following these authorities, plaintiff is entitled to recover conscious pain and suffering upon sufficient proof of such suffering.

Without deciding whether to recognize a general maritime right of survival, the Supreme Court in *Miles v. Apex Marine Corp.*, 498 U.S. 19, 111 S.Ct. 317, 112 L.Ed.2d 275 (1990), stated that such an action would not include recovery for lost future income. *See also Miles v. Melrose,* 882 F.2d 976, 987 (5th Cir.1989) (holding that uniformity of maritime law is not served by allowing recovery for future lost wages in general maritime survival action). *But see Evich v. Morris,* 819 F.2d 256, 258 (9th Cir. 1987), *cert. denied,* 484 U.S. 914, 108 S.Ct. 261, 98 L.Ed.2d 218 (1987) (holding that humane and liberal character of admiralty law served by permitting non-dependants to recover lost future wages in general maritime survival action). Following *Miles,* this court in *Preston* held that lost future wages are not recoverable in a maritime survival action. Consistently, plaintiff cannot recover lost future wages in this action.[1]

The last damages issue to be addressed is whether loss of enjoyment of life is recoverable in a general maritime survival action. Analyzing a claim brought under the Warsaw Convention and Death On the High Seas Act ("DOSHA"), 46 U.S.C. § 761 *et seq., In Re Korean Air Lines Disaster,* 807 F.Supp. 1073, 1080–83 (S.D.N.Y.1992), considered federal survival actions in general and held that "[l]oss of the quality or enjoyment of life is not a claim that has typically survived the victim." Neither DOSHA nor the Jones Act, 46 U.S.C. § 688, provide for recovery of enjoyment of life. Adhering to the goal of uniformity in maritime law, plaintiff may not recover damages for loss of enjoyment of life merely because the decedent was not a seaman and died in territorial

---

1. Similarly, plaintiff is barred from recovering lost future income in general maritime wrongful

death cause of action. *Wahlstrom,* 800 F.Supp. at 1065.

waters. *See Miles,* 498 U.S. 19, 111 S.Ct. 317.

### *Strict Liability for Lack of Propeller Guard*

 Count II of the Complaint seeks recovery under a theory of strict liability for, among other things, the absence of a propeller guard. Generally, the Federal Boat Safety Act of 1971 ("FBSA"), 46 U.S.C. § 1451 et seq., sets forth exclusive rules regarding boat safety. State laws that prescribe different safety measures are preempted by the FBSA. *Shields v. Outboard Marine Corp.,* 776 F.Supp. 1579, 1581 (M.D.Ga.1991). *Shields* held that plaintiff could not recover under state law for defendant's failure to provide a propeller guard because the FBSA governed and did not require propeller guards. Similarly, *Mowery v. Mercury Marine,* 773 F.Supp. 1012, 1013–16 (N.D.Oh. 1991), held that the FBSA preempted a design defect claim based upon the failure to provide a propeller guard. Adopting the reasoning in *Shields* and *Mowery,* plaintiff's claim that defendant is strictly liable for designing and manufacturing a boat without a propeller guard must be dismissed.

### CONCLUSION

For the reasons set forth above, defendant's motion for partial summary judgment [91–1] is GRANTED as to plaintiff's claims for lost future income and loss of enjoyment of life but DENIED as to funeral expenses and conscious pain and suffering. In addition, defendant's motion is GRANTED as to plaintiff's claim of strict liability based on the absence of a propeller guard.