## MOODY v CHEVRON CHEMICAL COMPANY

Docket No. 143967. Submitted April 7, 1993, at Detroit. Decided August 16, 1993, at 9:50 A.M. Leave to appeal sought.

David Moody, as personal representative of the estate of David M. Moody, deceased, brought a wrongful death action in the Wayne Circuit Court against Chevron Chemical Company and Leroy Miller, alleging that the decedent suffered a fatal allergic reaction to a bee sting after Miller sprayed a nest of bees with a pesticide manufactured by Chevron. The plaintiff contended that Chevron failed to warn that bees sprayed with less than a lethal dose of the pesticide may engage in unprovoked stinging and that Miller was negligent in failing to use the pesticide according to the instructions on the packaging and labels of the pesticide. The court, William J. Giovan, J., granted summary disposition for Chevron and Miller. The plaintiff appealed.

The Court of Appeals *held:*

1. The plaintiff's claim under the common law of this state of a failure to warn by Chevron is preempted by the Federal Insecticide, Fungicide, and Rodenticide Act, 7 USC 136 *et seq.* Section 136v(b) of that act, 7 USC 136v(b), provides that a state may not impose or continue in effect any requirements for labeling or packaging in addition to or different from those required under the act. In addition to preempting state regulation of pesticide labeling and packaging, the act may preempt common-law actions based on inadequate warnings where, as here, the additional warnings for which a duty is claimed would constitute a requirement for labeling or packaging that is in addition to or different from the warnings required under the act.

2. Summary disposition of the negligence claim against Miller was proper in light of the plaintiff's inability to establish an issue of fact regarding causation. Because the bee that stung the decedent was not recovered, the plaintiff could not establish that the bee came from the nest that was sprayed, that the bee

REFERENCES

Am Jur 2d, Products Liability §§ 27, 158, 311.

Federal pre-emption of state common-law products liability claims pertaining to pesticides. 101 ALR Fed 887.

came in contact with the pesticide, or that the bee's behavior was caused by exposure to the pesticide.

Affirmed.

AGRICULTURE — FEDERAL INSECTICIDE, FUNGICIDE, AND RODENTICIDE ACT — PRODUCT LABELING AND PACKAGING — PREEMPTION OF STATE REGULATION AND COMMON-LAW CLAIMS OF FAILURE TO WARN.

The Federal Insecticide, Fungicide, and Rodenticide Act preempts state regulation of pesticide labeling and packaging and may preempt common-law actions based on inadequate warnings where the warnings for which a duty is claimed would constitute a requirement for labeling or packaging that is in addition to or different from the warnings required under the act (7 USC 136v[b]).

*Mark Granzotto,* for David Moody.

*Gage, Beach & Ager* (by *Eugene H. Beach, Jr.*), for Chevron Chemical Company.

*Brandt, Hanlon, Becker, Lanctot, McCutcheon, Schoolmaster & Taylor* (by *Joseph K. Bachrach*), and *Gross & Nemeth* (by *James G. Gross* and *Paul L. Kaliszewski*), of Counsel, for Leroy Miller.

Before: HOOD, P.J., and BRENNAN and CORRIGAN, JJ.

HOOD, P.J. This is a wrongful death action arising from the tragic death of plaintiff's son from an allergic reaction to a bee sting. Plaintiff appeals as of right from the trial court's grant of summary disposition to defendants under MCR 2.116(C)(8) and (10). We affirm.

Plaintiff's decedent, Dave Moody, was an employee of his father's landscape business. The business was hired by defendant Leroy Miller to landscape his property. During the day of the landscaping job, Miller sprayed a nest of bees located at the back of the property with a pesticide manufac-

tured by defendant Chevron Chemical Company. The directions for the pesticide stated that it should not be used during the daytime. Plaintiff's decedent was stung at the front of the property shortly thereafter, allegedly by a bee that had received less than a lethal dose of the pesticide. He suffered a severe allergic reaction and died ten days later.

On appeal, plaintiff first argues that the trial court erred in finding that his claim against Chevron of a failure to warn was preempted by the Federal Insecticide, Fungicide, and Rodenticide Act (FIFRA), 7 USC 136 *et seq.* We disagree.

Section 136v(b) of the FIFRA provides that a "[s]tate shall not impose or continue in effect any requirements for labeling or packaging in addition to or different from those required under this subchapter." The FIFRA, however, preserves the power of states to regulate the "sale and use" of pesticides. 7 USC 136v(a). Plaintiff's claim is based on allegedly inadequate warnings, presumably on the product's label, that bees sprayed with less than lethal doses of the pesticide may engage in erratic behavior, including unprovoked stinging.

Under Article VI of the United States Constitution, the Supremacy Clause, federal law preempts any state law that Congress decides to preempt or that actually conflicts with any federal law. *Cipollone v Liggett Group, Inc,* 505 US —; 112 S Ct 2608, 2617; 120 L Ed 2d 407 (1992). It also preempts state laws where "federal law has so thoroughly occupied a legislative field" that there is no room left for state regulation. *Id.*

Where, as here, a preemption clause has been included in the legislation and such a provision provides a reliable indication of congressional intent, the scope of preemption intended will be determined from the language of the clause itself

rather than being implied from the substantive provisions of the statute. *Id.* at 2618. In other words, "Congress' enactment of a provision defining the pre-emptive reach of a statute implies that matters beyond that reach are not pre-empted." *Id.* The problem then becomes discovering the "domain expressly pre-empted by" the statutory provision in question. *Id.*

The majority of federal circuit courts of appeal that have considered the issue agree that the FIFRA preempts not only state regulation of pesticide labeling and packaging but also common-law actions based on inadequate warnings. See *Shaw v Dow Brands Inc*, 994 F2d 364 (CA 7, 1993); *Papas v Upjohn Co*, 985 F2d 516 (CA 11, 1993); *Arkansas-Platte & Gulf Partnership v Van Waters & Rogers, Inc*, 981 F2d 1177 (CA 10, 1993); see also *Yowell v Chevron Chemical Co*, 836 SW2d 62 (Mo App, 1992); *Davidson v Velsicol Chemical Corp*, — Nev —; 834 P2d 931 (1992); *Fitzgerald v Mallinckrodt, Inc*, 681 F Supp 404 (ED Mich, 1987); but see *Ferebee v Chevron Chemical Co*, 237 US App DC 164; 736 F2d 1529 (1984). *Shaw, Yowell,* and *Davidson* were decided after the Supreme Court's decision in *Cipollone* regarding the preemption provisions of the Federal Cigarette Labeling and Advertising Act, 15 USC 1331-1340. *Papas* and *Arkansas-Platte* were decided, after being vacated and remanded by order of the Supreme Court, after *Cipollone. Ferebee*, on the other hand, was decided six years before *Cipollone*. It is the only published federal circuit court of appeals decision finding no preemption.[1]

---

[1] A majority of published federal district court decisions issued after *Cipollone* have also found preemption of common-law actions for failure to warn. See *King v EI Du Pont de Nemours & Co*, 806 F Supp 1030 (D Me, 1992); *Casper v EI Du Pont de Nemours & Co*, 806 F Supp 903 (ED Wash, 1992); *Jordan v Southern Wood Piedmont Co*, 805 F Supp 1575 (SD Ga, 1992); *Burke v Dow Chemical Co*, 797 F

In *Cipollone,* the Supreme Court found that a provision stating that "[n]o statement relating to smoking and health . . . shall be required on any cigarette package," other than those mandated by the act, "merely prohibited state and federal rule-making bodies from mandating particular cautionary statements" and did not preempt common-law actions for damages. *Cipollone, supra,* 112 S Ct 2616, 2618-2619. On the other hand, the Court found that a provision that stated that "[n]o requirement or prohibition based on smoking and health shall be imposed under State law with respect to the advertising or promotion of any cigarettes" preempted not only state regulation but also common-law causes of action that fit the wording of the clause. *Id.* at 2617, 2620-2621. The difference, the Court said, was the use of words "requirement or prohibition" rather than "statement." *Id.* at 2619-2621.

As noted before, the FIFRA prohibits the imposition of "any requirements for labeling or packaging in addition to or different" from those required by that statute. Under *Cipollone,* the word "requirement" "sweeps broadly and suggests no distinction between positive enactments and common law; to the contrary, those words easily encompass obligations that take the form of common law rules." *Id.* at 2620 (citations omitted). The Supreme Court recognized that common-law actions are "a potent method of governing conduct and controlling policy" but noted that, although "common law would not normally require a vendor to use any specific *statement* on its package . . . it is the essence of the common law to enforce duties that are either affirmative *requirements* or nega-

Supp 1128 (ED NY, 1992); but see *MacDonald v Monsanto Co,* 813 F Supp 1258 (ED Tex, 1993); *Couture v Dow Chemical USA,* 804 F Supp 1298 (D Mo, 1992).

tive *prohibitions.*" *Id.* (emphasis in original). Further, the Court noted, the phrase "state law" usually includes common-law as well as express regulation. *Id.* at 2620-2621.

This does not end our inquiry, however. "That the preemptive scope of [the FIFRA] cannot be limited to positive enactments does not mean that that section pre-empts all common law claims." *Id.* at 2621. Rather, we must decide "whether the legal duty which is the predicate of the common law damages action" asserted here fits the language of the FIFRA's preemption provision. *Id.* at 2621. That is, whether Chevron's asserted duty to warn consumers regarding the behavior of bees exposed to less than lethal doses of the pesticide would constitute a "requirement[ ] for labeling or packaging in addition to or different from" the warnings required by the FIFRA.

To establish liability for negligent failure to warn, plaintiff would have to show that defendant Chevron knew of the claimed danger, that the danger was not obvious to users of the product, and that defendant failed to use reasonable care to warn such users. *Glittenberg v Doughboy Recreational Industries (On Rehearing)*, 441 Mich 379, 387-390; 491 NW2d 208 (1992). He must also show that defendant Chevron's negligent failure to warn was the proximate cause of the decedent's injuries. *Schutte v Celotex Corp*, 196 Mich App 135, 138; 492 NW2d 773 (1992). Thus, because plaintiff's claim would require a showing that defendant Chevron behaved negligently in failing to include additional or different warnings on the label or packaging of the product, it is preempted by the FIFRA. The trial court did not err in dismissing plaintiff's claim of failure to warn.

Plaintiff next argues that the trial court improperly resolved questions of fact in dismissing his

negligence claim against defendant Miller. We again disagree.

Contrary to plaintiff's assertion, we find that the trial court did not decide whether defendant Miller's conduct was in fact negligent. Rather, our review of the record discloses that the trial court found that, as a matter of law, plaintiff could not prove proximate causation. That is, because the stinging bee was not recovered, plaintiff could not prove that the bee that stung his son came from the nest that was sprayed, that it came in contact with the pesticide, or that its behavior was caused by exposure to the pesticide. Therefore, the causal sequence of events posited by plaintiff, although conceivably true, was not based on any evidence and was instead wholly speculative. Summary disposition was proper under MCR 2.116(C)(10) because plaintiff failed to create an issue of material fact regarding causation. See *Serafin v Peoples Community Hosp Authority*, 67 Mich App 560, 564; 242 NW2d 438 (1976); *Meli v General Motors Corp*, 37 Mich App 514, 518-519; 195 NW2d 85 (1972); see also *Fort Wayne Mortgage Co v Carletos*, 95 Mich App 752, 759; 291 NW2d 193 (1980).

Affirmed.