RYAN v BRUNSWICK CORPORATION

Docket No. 163473. Submitted November 16, 1994, at Grand Rapids. Decided April 3, 1995, at 9:15 A.M. Leave to appeal sought.

Mary Ryan, as personal representative of the estate of Stephen Ryan, brought an action in the Cass Circuit Court against Brunswick Corporation, Mercury Marine Division, and others following the death of the decedent from injuries sustained when struck by an unguarded propeller of a powerboat while swimming. The plaintiff in part alleged negligence by the defendants in failing to design, manufacture, and equip the boat with a propeller guard and in failing to warn of the dangers of an unguarded propeller. The court, Michael E. Dodge, J., summarily dismissed those claims, ruling that it lacked subject-matter jurisdiction and that the plaintiff had failed to state a claim on which relief could be granted. The plaintiff appealed.

The Court of Appeals held:

The provisions of 46 USC 4306 make it clear that Congress intended to forbid state regulations governing recreational boats where such regulations are not identical to federal rules. The Coast Guard, pursuant to regulatory powers delegated to it by Congress and the Secretary of Transportation, has decided not to adopt a regulation requiring propeller guards on recreational powerboats. The decision by the Coast Guard not to regulate the installation and use of propeller guards is the functional equivalent of a rule prohibiting states from requiring them. In this case, any award of damages to the plaintiff with regard to the claims of failure to install a propeller guard and failure to warn of the dangers of an unguarded propeller would be based on a determination that Michigan law requires the installation and use of propeller guards. Such a requirement would not be identical to the regulations of the Coast

REFERENCES

Am Jur 2d, Boats and Boating § 13.5.

Products liability: liability of manufacturer or seller for injury or death caused by defect in boat or its parts, supplies, or equipment. 1 ALR4th 411.

Guard. Therefore, the plaintiff's claims are preempted under the Federal Boat Safety Act.

Affirmed.

Neff, P.J., dissenting, stated that, pursuant to the savings clause of 46 USC 4311(g), Michigan courts are not preempted from exercising jurisdiction over the plaintiff's tort claims. The grant of summary disposition should be reversed and the case should be remanded.

Products Liability — Powerboat Propeller Guards — Federal Boat Safety Act.

State tort claims based on injuries resulting from unguarded propellers on recreational powerboats are preempted by the Federal Boat Safety Act (46 USC 4301 *et seq.*).

*Conybeare Law Office, P.C.* (by *John C. Johnson*), for the plaintiff.

*Plunkett & Cooney, P.C.* (by *Mark H. Verwys*), for the defendants.

Before: Neff, P.J., and MacKenzie and J. R. Chylinski,* JJ.

MacKenzie, J. Plaintiff appeals as of right from an order granting partial summary disposition in favor of defendants Mercury Marine, a division of Brunswick Corporation; Bayliner Marine Corporation; and Blue Fin Marina pursuant to MCR 2.116(C)(4) and (8). We affirm.

Plaintiff's decedent died from injuries sustained when he was struck by the propeller of a powerboat that ran over him while he was swimming. In this wrongful death action, plaintiff alleged in relevant part that Bayliner, Mercury, and Brunswick, as manufacturers of the boat and its inboard motor and propeller, and Blue Fin Marina, as installer of the propeller, were negligent in failing to design, manufacture, and equip the boat and motor with a propeller guard and in failing to

_____
* Circuit judge, sitting on the Court of Appeals by assignment.

warn of the dangers of an unguarded propeller. The trial court granted summary disposition in favor of defendants on these claims; the parties stipulated the dismissal with prejudice of plaintiff's additional claims, including breach of express and implied warranties.

In granting partial summary disposition in favor of defendants, the trial court concluded that it lacked subject-matter jurisdiction over plaintiff's propeller guard claims because they were preempted by the Federal Boat Safety Act (FBSA), 46 USC 4301 *et seq.* Plaintiff contends that the trial court erred in reaching this conclusion. While the question is one of first impression in Michigan, the majority of other jurisdictions that have considered the issue have held that state tort claims based on injuries resulting from unguarded boat propellers are preempted by the FBSA. We agree with that conclusion.

The Supremacy Clause of the United States Constitution provides that the laws of the United States "shall be the supreme Law of the Land" and grants Congress the power to preempt state law. US Const, art VI, cl 2; *Mowery v Mercury Marine, Division of Brunswick Corp,* 773 F Supp 1012, 1013 (ND Ohio, 1991). Consideration of any issue arising under the Supremacy Clause begins with the assumption that the historic police powers of the state are not to be superseded by federal law unless that is the clear and manifest purpose of Congress. *Cipollone v Liggett Group, Inc,* 505 US —; 112 S Ct 2608; 120 L Ed 2d 407, 422 (1992). Accordingly, central to any preemption analysis is a determination of congressional intent. *Id.*

Congress' intent to preempt state law may be explicitly stated in the statute's language or implicitly contained in its structure and purpose. *Id.* at 120 L Ed 2d 422-423. When Congress has consid-

ered the issue of preemption and has included in the enacted legislation a provision that explicitly addresses that issue and provides a reliable indicium of congressional intent with respect to state authority, there is no need to infer congressional intent to preempt state laws. *Id.* at 423. The preemption doctrine applies not only to state laws and regulations, but to the imposition of damages under state tort law as well, because an award of damages also acts as a form of regulation and can frustrate congressional objectives. *San Diego Building Trades Council v Garmon,* 359 US 236, 247; 79 S Ct 773; 3 L Ed 2d 775 (1959); *Cipollone, supra* at 120 L Ed 2d 426; *Shields v Outboard Marine Corp,* 776 F Supp 1579 (MD Ga, 1991). But see *Moore v Brunswick Bowling & Billiards Corp,* 889 SW2d 246 (Tex, 1994).

The FBSA contains an express preemption clause, codified at 46 USC 4306, that provides in relevant part:

> Unless permitted by the Secretary [of Transportation] under section 4305 of this title, a State or political subdivision of a State may not establish, continue in effect, or enforce a law or regulation establishing a recreational vessel or associated equipment performance or other safety standard or imposing a requirement for associated equipment . . . that is not identical to a regulation prescribed under section 4302 of this title.

Section 4302 authorizes the Secretary of Transportation to prescribe regulations requiring the installation of certain equipment on recreational vessels and prohibiting the installation of equipment that does not conform with federal safety standards.

The express language of 46 USC 4306 makes it clear that Congress intended to forbid state boat

equipment regulations that are not identical to the federal rules. *Mowery, supra* at 1014; *Shields, supra* at 1581; *Farner v Brunswick Corp,* 239 Ill App 3d 885; 180 Ill Dec 493; 607 NE2d 562, 567 (1992). Further, the statute's legislative history also indicates Congress' intent to preempt state boat equipment regulations except where they are parallel to federal regulations. *Mowery, supra* at 1014, citing S Rep No 248, 92nd Cong, 1st Sess, reprinted in 1971 US Code Cong & Admin News 1333, 1341; *Davis v Brunswick Corp,* 854 F. Supp 1574, 1580 (ND Ga, 1993), citing H R Rep No 338, 98th Cong, at 160, reprinted in 1983 US Code Cong & Admin News 924, 972. An award of damages to plaintiff for the failure to install a propeller guard would be the equivalent of a state regulation requiring propeller guards on motors of recreational boats. *Mowery, supra* at 1016-1017; *Davis, supra* at 1580; *Farner, supra* at 607 NE2d 566-567. Thus, the question becomes whether a propeller guard requirement is identical to the federal requirements for equipment on recreational boats. See *Shields, supra* at 1581. If it is not, then plaintiff's claims are preempted under 46 USC 4306. See *Shield v Bayliner Marine Corp,* 822 F Supp 81, 84 (D Conn, 1993) ("State laws that prescribe different safety measures are preempted by the FBSA.").

The Secretary of Transportation's regulatory authority under the FBSA has been legislatively delegated to the United States Coast Guard. *Mowery, supra* at 1015; *Shields, supra* at 1581. On the basis of recommendations of the National Boating Safety Advisory Council and its Propeller Guard Subcommittee, the Coast Guard has adopted the official position that "[a]vailable data do not support imposition of a regulation requiring propeller guards on motorboats." *Mowery, supra* at 1015-

1016. See also *Shields, supra* at 1581; *Farner, supra* at 607 NE2d 566.

The Coast Guard's decision not to regulate the installation and use of propeller guards is the functional equivalent of a rule prohibiting states from requiring them:

> [The decision of the Coast Guard not to regulate the use of propeller guards] *has the same legal consequence as if the Coast Guard had issued a safety standard declaring that the states are prohibited from adopting a regulation requiring propeller guards on recreational boats.* See *Arkansas Electric Cooperative Corp v Arkansas Public Service Comm,* 461 US 375, 384; 103 S Ct 1905, 1912; 76 L Ed 2d 1 (1983) ("[A] federal decision to forego regulation in a given area may imply an authoritative federal determination that the area is best left unregulated, and in that event would have as much pre-emptive force as a decision to regulate").
>
> Congress has determined, through its statutory delegation of its regulatory authority to the Secretary of Transportation (and then delegated by the Secretary to the Coast Guard), that there shall be no federal propeller guard requirement. Therefore, in the absence of a federal requirement, manufacturers are given the choice whether to install them. Any state requirement compelling them to do so would be preempted under the FBSA. [*Mowery, supra* at 1016; emphasis added.]

Accord *Shields, supra* at 1581; *Farner, supra* at 607 NE2d 566.

In this case, any award of damages to plaintiff would be based on a determination that Michigan law requires the installation and use of propeller guards on recreational boats. Such a requirement is not identical to the Coast Guard's regulations, however. Plaintiff's claims regarding defendants' failure to install a propeller guard are therefore preempted under the FBSA. *Mowery, supra* at 1016;

*Farner, supra* at 607 NE2d 567; *Shields, supra* at
1581; *Shield, supra* at 84; *Davis, supra* at 1580.
But see *Moore, supra.* The same analysis applies to
plaintiff's failure to warn claims: if an award of
damages were allowed for defendants' failure to
warn of the dangers of an unguarded propeller, it
would be tantamount to a state requirement that
explicit warnings be given. *Davis, supra* at 1583-
1584. Such an explicit warning would be beyond
the requirements specified by the federal govern-
ment. *Id.* at 1584. Plaintiff's failure to warn claims
are therefore also preempted. *Id.*[1]

Federal preemption deprives a state court of
subject-matter jurisdiction. *Cuffe v General Motors
Corp,* 166 Mich App 766, 771; 420 NW2d 874
(1988). Accordingly, we find no error in the trial
court's order granting defendants partial summary
disposition of plaintiff's propeller guard and failure
to warn claims pursuant to MCR 2.116(C)(4).[2]

---

[1] Although not raised by plaintiff, we note that the FBSA contains a
"savings clause" stating that compliance with the law will not relieve
a person from liability at either common or state law. 46 USC 4311(g).
Arguments that this clause preserves a state tort claim for failure to
equip a boat motor with a propeller guard were rejected in *Mowery,
supra* at 1017; *Shields, supra* at 1581-1582; and *Farner, supra* at 607
NE2d 567. We agree with those cases. The purpose of the savings
clause is to prevent a manufacturer from using compliance with the
safety standards of the act as a defense against defectively designed
products that are actually installed; it has no application to claims
that a manufacturer is liable for not installing a device it had a
choice not to install. *Farner, supra* at 607 NE2d 567.

[2] Plaintiff contends that under *Cipollone, supra,* her express war-
ranty claim is not preempted by federal law and therefore should
have survived defendants' motions for summary disposition. However,
defendants did not move for summary disposition of plaintiff's war-
ranty claims, and the trial court's order of partial summary disposi-
tion did not dismiss her warranty claims. Instead, plaintiff's warranty
claims were dismissed by stipulation of the entry of an order dismiss-
ing with prejudice all of the claims in plaintiff's complaint or which
could have been added to plaintiff's complaint, other than the claims
based on failure to equip the boat motor with a propeller guard and
failure to warn. Because plaintiff stipulated the entry of an order
dismissing her warranty claims, she is not in a position to challenge
that dismissal on appeal.

In the alternative, plaintiff contends that summary disposition was improper under MCR 2.116(C)(8) because defendants had a duty to design a motor with a propeller guard and a duty to warn of the dangers of an unguarded propeller. This argument also is without merit. Under the reasoning of *Mowery, Shields, Shield, Farner,* and *Davis, supra,* defendants did not have a duty to install a propeller guard or a duty to warn because the FBSA does not require propeller guards or warnings, and the state is preempted from imposing such duties. Had the trial court determined that defendants owed such duties, "it would be tantamount to recognition of a state requirement that they be installed—an act explicitly forbidden by the FBSA's preemption clause. *Mowery, supra* at 1016. Accordingly, summary disposition under MCR 2.116(C)(8) was proper. See *Moody v Chevron Chemical Co,* 201 Mich App 232, 237; 505 NW2d 900 (1993).

Affirmed.

J. R. CHYLINSKI, J., concurred.

NEFF, P.J. *(dissenting).* I respectfully dissent from the holding of the majority that Michigan courts are preempted from exercising jurisdiction over tort claims on the basis of the preemption clause of 46 USC 4306, particularly in light of the savings clause of 46 USC 4311(g). Tort liability long has been considered the domain of state law and should remain so. I find the reasoning of the majority of the Texas Supreme Court in *Moore v Brunswick Bowling & Billiards Corp,* 889 SW2d 246 (Tex, 1994), to be persuasive, indeed compelling, and I adopt it as my own.

I would reverse summary disposition in favor of defendants and remand this case for trial.